CASE 5—PETITION EQUITY—JUNE 13.

2du 17|
|106 175|

# Smith and Davis vs. Gower.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. The mere fact that a railroad has not been completed, and may never be, is no defense to an action to recover the amount subscribed to its capital stock.

2. The sale of the property and franchises of a corporation, under a decree to satisfy a mortgage, does not pass to the purchaser debts due the corporation, nor destroy the corporate existence of the company.

One who subscribes for the capital stock of a corporation thereby becomes a stockholder, and it is no defense to an action to recover the amount of his subsubscription that no certificate of stock has been tendered him.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants, Smith and Davis, subscribed for the construction of the Lexington and Danville railroad, the former $2,500, and the latter $500. Failing to pay, they were sued for the sums respectively subscribed, and defended the suits on the ground that their motive for subscribing was their faith in representations that the railroad would be located and completed near their homestead farms, in Mercer county; and that, though so located, it had not been, and probably never would be, constructed through that county or beyond the Kentucky river. That suit was compromised and dismissed on a substituted contract in writing, whereby Davis agreed to pay his subscription by the delivery of cross-ties, at 40 cents each, on the line, as located in Mercer, within six months after demand thereof; and Smith agreed, on the same conditions, to deliver, at the same rate, 10,000 cross-ties—$2,500 of the price to be paid for in its nominal amount of stock in the road, and the residual, $1,500, "in cash."

Afterwards the road, with its appurtenances and franchises, was sold under a decree on a mortgage to strangers; and an execution, on a judgment obtained by the appellee against the railroad company having been returned *nulla bona*, he filed a petition in equity attaching the liabilities of the appellants on their said compromise contracts. During the progress of this

case, the required demand was made for the delivery of the cross-ties within six months, and an amended petition, untraversed, alleged that fact, and the non-delivery of the ties, or any portion of them, by either of the appellants.

The answers attempt to justify the failure to deliver any cross-ties on the comprehensive ground that the chief motive for the compromise was the large profit which would have resulted from the employment of their own surplus labor and timber; that the company was dead and insolvent, and its stock worthless; that the consideration had wholly failed by the failure to complete the road, and the incapacity of the company ever to finish or control it; that there had been no offer of certificates of stock; and Smith also relies on the failure to offer the $1,500, and an alleged inability ever to pay that sum without paying or offering to pay which, he was not, as he pleads, bound to deliver, or responsible for non-delivery of the cross-ties.

On these issues the circuit court decreed the payment by Smith of the amount of his subscription, and by Davis of a portion of his, holding the residue subject to ulterior disposition.

There is no allegation that the subscriptions were made on the condition that the road, as located, should be completed; and, therefore, the appellants, like the general class of subscribers to such public work, risked all the contingencies incident to the progress and completion of such large and difficult undertakings. One of those contingencies is the delinquency of subscribers, resulting in the company's abortive and compulsive sale of its road, as may have been the case in this instance; and, consequently, the mere failure of the road is no legal failure of the consideration of an unconditional subscription to help its progress and completion, which may have depended on advances by loan or otherwise, on the credit of the stockholders, and without any other resource for relief than full payment of the fund subscribed by them. In such a predicament no just or wise law would exonerate a subscriber merely because the object of his subscription had failed.

Smith and Davis vs. Gower.

The sale of the road neither passed to the purchaser the liabilities of the appellants, nor destroyed the corporation. The corporate existence of the company still continued for more than one purpose, and certainly for the purpose of collecting and of paying its debts.

Then neither the non-completion of the road nor the sale of it affected the legal obligation of the original subscription; and, consequently, there was full and binding consideration for the compromise, which only modified the still surviving obligation by substituting a mode of payment more advantageous to the appellants. The sale of the road, and the company's incapacity to construct it, consequently furnish no available defense in the case; and, therefore, the main excuse for the non-delivery of the cross-ties is left without legal foundation. The other matter of defense is equally groundless, even though it may be more specious.

So far as Davis is concerned, his subscription having made him a stockholder, and a formal certificate not being essential to his right, the consideration for his covenant to deliver cross-ties had been substantially received by him, and he could not withhold the delivery until a certificate had been tendered to him, which was not a substantial condition, either precedent or concurrent. His non-fulfillment is therefore legally indefensible.

The case of Smith is apparently different; although, to the extent of $2,500, he had, like Davis, received in stock that much of the conventional price of the 10,000 cross-ties, yet, as the compromise contract was an entirety, and obviously very advantageous to him, he might not have been liable for non-delivery, unless readiness to pay the surplus $1,500 on delivery had appeared; and had he pleaded readiness to deliver, and non-readiness on the other side to pay the "*cash*," his plea might have presented a bar to any recovery against him for imputed delinquency; but his answer acknowledged that he was not either ready or willing to deliver any cross-ties, and relied, for excuse, on untenable grounds. This peculiar defense dispensed with both proof and allegation of readiness and ability to pay him on delivery the $1,500; nor,

had he pleaded readiness on his part, would his allegation of insolvency have amounted to an averment that the company was not ready to pay the $1,500. The record shows that, independently of the property sold under the mortgage, the company still owned real estate and available claims as a creditor; and, even without any other resource, the cross-ties, on delivery, or in anticipation of it, would have insured a loan of $1,500 on a credit of them. Moreover, had the cross-ties been delivered at the appointed place, Smith might have retained the possession and enforced a lien on them for the $1,500; and thus the payment of the amount of his subscription might not have cost *him* more than half of that sum, and he might have gotten $1,500 for labor and timber that would not have cost him near that much; but, by mistaking his rights and liabilities, he has lost all this profit, and subjected himself to the payment of the whole amount of his subscription *in money;* consequently, the judgment seems to be substantially right.

Some other and minor questions have been discussed by the appellants, which, being neither new nor difficult, and clearly against them, we will not unnecessarily enlarge this opinion by particularly noticing them, or any of them.

Wherefore, perceiving no essential error prejudicial to either of the appellants, the judgment against each of them is affirmed.